The opinion of the Court was delivered by
Mtjnro, J.
In this case two questions are presented for our consideration by the grounds of appeal.
1. Whether the instrument sued on, was assignable under the Act of 1798.
2. Whether the assignment of a chose in action, without notice to the debtor, is sufficient to exclude any defence the latter may acquire against the assignor subsequent to the assignment.
If the action had been brought in the name of the assignee, the question raised by the first ground as to whether or not the instrument sued on was assignable under the Act of 1798, might properly have been made; but as the assignee has chosen to bring the action in the name of the assignor, *436 whose right to maintain it, whether the cause of action be assignable or not,, can hardly admit of doubt; it is difficult to perceive why the question has been made at all, unless it may be considered as in some degree affecting the other question made in the case, namely, the necessity of communicating notice of the assignment to the debtor in order to exclude a subsequently acquired defence against the assignor.
Be that, however, as it may, it is sufficient on this branch of the case to say, that in the opinion of a majority of the Court, the instrument sued on, does not answer to the description.of either of the classes of choses declared to be assignable by the Act of 1798 ; consequently, it is not such an instrument as the assignee by assignment can acquire a legal interest therein.
This brings us to the consideration of the remaining question in the case, as to whether the assignee of a chose in action without notice to the debtor, can exclude any defence the latter may acquire, against the assignor, subsequent to the assignment.
There can be no doubt as to the general doctrine, that the assignee of a chose in action, although without notice, takes it subject to all subsisting equities against the assignor ; but whether the assignee without notice of the assignment to the debtor, can be affected by any transaction between the assignor, and the debtor, subsequent to the assignment, is the question we are now called upon to decide.
As the claim of an assignee of a chose in action is one which is purely equitable, and constitutes a branch of the jurisprudence which is administered in another forum, it is proper that we should resort to the adjudications of that tribunal, in order that we may see how transactions of this sort are treated in that jurisdiction to which they appropriately belong.
In the case of Ryall vs. Rowles, 1 Ves. 348, it is said, *437 that debts are ebattels, and tbát wbicb is equivalent to delivery of moveables, is in tbe case of a debt, an assignment and delivery of the security, and notice to the defendant of the assignment; and again — “In the case of a chose in action, yon must do every thing towards having possession which the subject admits; you must do that which is tantamount to obtaining possession, by placing every person who has an equitable, or legal interest in the matter, under an obligation to treat it as your property. Por this purpose, you must give notice to the legal holder of the fund ; in the case of a debt for instance, notice to the debtor, is, for many purposes, tantamount to possession.' — -If you omit to give that notice, you are guilty of the same degree of neglect, as he who leaves a personal chattel to which he has acquired a title in the actual possession and control of anothersee the whole doctrine discussed in the 2d vol. of White & T. L. 0. p. 594, et seq. In the case of Holbrook vs. Colburn, 6 Rich. Eq. 289, Ch. Wardlaw remarks, “ In every administration of well regulated equity, when the assignee conceals his interest and permits the assignor to remain in possession of the instrument of debt, and thus acquires a delusive credit to the prejudice of innocent parties, he loses the advantage of priority in favor of such parties. Notice, however, is exacted for the protection of the debtor, and third persons dealing with him in transactions subsequent to the assignment, and not for the disturbance of fixed pre-existing equities.”
This, then, we perceive is the doctrine which is held by the Court of Equity, in relation to the .assignment of choses in action, and the obligation which it imposes upon, the assignee to communicate to the debtor, notice of the assignment ; a doctrine which strongly commends itself to our approval, not less by the sound reasoning by which it is sustained than by the high standard of good faith which it inculcates. Let us for a moment reverse the picture, in order *438 that we may contrast it with'the doctrine contended for. A single example will suffice.
A creditor assigns an open account against his debtor — the latter without the slightest knowledge of the assignment, pays up the debt to the creditor. Would not such payment by the debtor be in perfect conformity with Ms original undertaking ? And will it be said, that the assignee of such a claim, who wilfully withholds from the debtor all knowledge of the existence of his assignment, has a higher equity, and one more entitled to the protection of a Court of justice than has the debtor ?
Bather than incorporate into the jurisprudence which is administered in this Court, a doctrine which has little else to recommend it, than its tendency to encourage almost every species of covinous combination, it would be infinitely better for Courts of law to repudiate the whole doctrine, and leave it to be administered in that tribunal to which it appropriately belongs, and again fall back upon the antiquated doctrine of the common law.
“ The great wisdom and policy of the sages and founders of our law, (says Lord Coke, 10 Co. 48,) have provided, that no possibility, right, title, ñor thing in action, should be granted or assigned to strangers, for that would be the occasion of multiplying of contentions and suits, of great oppression to the people, and the subversion of the due administration of justice.” «
There is another ground however upon which the verdict may very well be sustained. I allude to the agreement between Burkett the creditor, and the defendant, by which the former consented to deduct from the demand sued on, the amount of the due bills which constitute the present discount. This it was perfectly competent for him to do, notwithstanding the discount consisted of co-partnership demands, upon the authority of the case of Dargan vs. Wilson, 4 Rich. 546. A majority of the Court however prefer to rest the decision *439 of tbe case, upon tbe broad ground of tbe want of notice to tbe defendant, of tbe existence of tbe assignment.
Wherefore tbe motion is dismissed.
Wardlaw, Whitrer and Glover, JJv concurred.